UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LOVING,

        Petitioner,

Case No. 2:25-cv-12327

HONORABLE STEPHEN J. MURPHY, III

v.

JAMES CORRIGAN,

        Respondent.

_____/

**OPINION AND ORDER DISMISSING
WITHOUT PREJUDICE PETITION FOR WRIT
OF HABEAS CORPUS [1], DENYING CERTIFICATE
OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IFP**

Petitioner Joseph Loving, a Michigan state prisoner proceeding *pro se*, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Following a jury trial in Michigan's 16th Judicial Circuit Court for the County of Macomb, Loving was convicted of carjacking (Mich. Comp. Laws § 750.529a), armed robbery (Mich. Comp. Laws § 750.529), and two counts of possession of a firearm during the commission of a felony (Mich. Comp. Laws § 750.227b). ECF No. 1, PageID.17. The Michigan court sentenced Loving to 18 to 40 years in prison for his carjacking and armed robbery and two years in prison on each of the felony-firearm convictions. *Id.*

For the reasons set forth, the Court concludes that Loving has not exhausted his state court remedies and will dismiss the petition without prejudice. The Court

also will deny a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## DISCUSSION

After a state prisoner petitions for writ of habeas corpus, the Court must undertake preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the United States District Courts. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999).

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust v. Zant*, 17 F.3d 155, 160 (6th Cir. 1994).

Loving failed to demonstrate that he exhausted his state court remedies. He did not indicate whether he pursued a direct appeal of his convictions, and a review of publicly available state court records reveals no evidence that he did so. Per a search of the Michigan Courts' website, Loving filed a state complaint for habeas corpus in the Michigan Court of Appeals in December 2022. The complaint was dismissed for filing deficiencies with pleadings returned to him in May 2023. *See Loving v. Macomb Cir. Ct.*, No. 364228, No. 16 (Mich. Ct. App. May 26, 2023). Therefore, the complaint did not serve to exhaust Loving's claims. Although the time for filing a direct appeal of his convictions expired, an avenue for exhaustion of state court remedies remains available to Loving. He may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 and raise his claims before the state trial court and then pursue those claims in the state appellate courts as necessary.

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court finds no reasonable jurist would debate that the petition should be summarily dismissed without prejudice. *See* 28 U.S.C. § 2253(c)(2). The Court also **DENIES** Petitioner leave to appeal *in forma pauperis* because an appeal cannot be

taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: August 11, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2025, by electronic and/or ordinary mail.

s/ R. Loury<br>
Case Manager

taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: August 11, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2025, by electronic and/or ordinary mail.

s/ R. Loury  
Case Manager